UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID MOORE**, <br><br> Petitioner, <br><br> vs. <br><br> **HEIDI E. WASHINGTON**, <br><br> Respondent. | 2:22-CV-11986-TGB-CI <br><br> **ORDER DISMISSING CASE FOR FAILURE TO CORRECT DEFICIENCY AND DENYING MOTIONS AS MOOT** |

On August 24, 2022, Petitioner David Moore filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 29, 2022, Magistrate Judge David R. Grand issued an Order to Correct Deficiency ("Deficiency Order") in which Petitioner was ordered to submit a $5.00 fee for filing a habeas corpus petition or an application to proceed in forma pauperis within twenty-one days of the order. ECF No. 4. For the reasons below, Petitioner's action is **DISMISSED** without prejudice because of his failure to comply with the Court's Deficiency Order. Furthermore, the Court **DENIES** Petitioner's motion to appoint counsel (ECF No. 2) and motion to be excused from time barred extension (ECF No. 3) as moot.

Petitioner's application is subject to dismissal because he failed to comply with the Court's Deficiency Order. If a habeas petitioner does not comply with a court's directions in a deficiency order, the district

court must presume that the prisoner is not entitled to proceed in forma pauperis, "assess the full filing fee, and dismiss the case for want of prosecution." *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)). Here, the Deficiency Order provided clear instructions for Petitioner to submit either the $5.00 filing fee or an application to proceed in forma pauperis. The Deficiency Order also expressly warned Petitioner that failure to comply with the Court's instructions could result in dismissal of his action. Petitioner was required to comply with the Deficiency Order by September 19, 2022. Despite the additional time and leeway given to Petitioner as an incarcerated pro se party, Petitioner failed to comply with the Court's Deficiency Order.

Therefore, Petitioner's action is **DISMISSED without prejudice**. Petitioner's motion to appoint counsel (ECF No. 2) and motion to be excused from time barred extension (ECF No. 3) are **DENIED as moot**. It is further ordered that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Accordingly, a certificate of appealability and leave to appeal in forma pauperis are **DENIED**.

    **IT IS SO ORDERED.**

Dated: January 31, 2023    s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE